In the Matter of VIRGINIA B. McDONALD, Individually and as Mayor of the City of Cohoes, and President of the Board of Estimate and Apportionment of the City of Cohoes, Appellant, v. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.

Third Department, May 31, 1973.

*Harry L. Robinson, Corporation Counsel (James D. Harrigan* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley* and *Ruth Kessler Toch* of counsel), for respondent.

KANE, J. This is an appeal from a judgment of the Supreme Court at Special Term, entered September 14, 1971 in Albany County, which dismissed petitioner's application in a proceeding pursuant to CPLR article 78, for an order directing the Comptroller of the State of New York to implement a resolution whereby the Board of Estimate and Apportionment of the City of Cohoes elected to provide a one year "final average salary" for members of the Cohoes Police Department (Retirement and Social Security Law, § 302, subd. 9, par. d).

In relevant part, paragraph d of subdivision 9 provides: " a participating employer may elect to provide that, during the period beginning May first, nineteen hundred seventy and ending July first, nineteen hundred seventy-three, 'Final Average Salary' shall mean the regular compensation earned from such participating employer by a member during the twelve months of actual service immediately preceding the date of such employee's retirement ".

As part of a two-year contract bargained with the policemen of the city, petitioner agreed to opt for the one-year final average

salary. Upon presentment of the resolution to the Comptroller, the action was ruled unacceptable in that similar coverage would also have to be provided for the firemen. A second conditional resolution was also rejected and the within proceeding was instituted.

It is clear that, by the enactment of the Policemen's and Firemen's Retirement System Act (Retirement and Social Security Law, §§ 290–417), which became effective on April 1, 1967, the Legislature established a separate retirement system for policemen and firemen. The word "member" is defined therein as "any person included in the membership of the retirement system as provided in section three hundred forty of this article" (Retirement and Social Security Law, § 302, subd. 16) which word, when interpreted with subdivision 9, requires that an election made pursuant to subdivision 9 have universal application to all members of the Policemen's and Firemen's Retirement System within the employ of the participating employer.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.